Henry Ford **LINLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47387.

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

Donald D. Koons, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for failure to possess an operator's license, third offense, and the court assessed punishment by a fine of twenty-five dollars ($25.00).

A complaint and information filed August 21, 1972, alleged that appellant had been previously and finally convicted of an offense of the same nature in Cause No. J8338 in Corporation Court No. 5 of the City of Dallas on January 15, 1972, and again in Cause No. F11395 in Corporation Court No. 6 of the City of Dallas on April 14, 1972, prior to the commission of the instant offense alleged to have occurred on or about July 30, 1972.

On December 8, 1972, the appellant entered a plea of not guilty and was tried before the County Criminal Court of Dallas County, Texas, on stipulated evidence. After the court entered a judgment of guilty, the appellant, on the same day, waived his right to file a motion for new trial, was sentenced and gave his notice of appeal.

In his sole ground of error appellant contends that the allegations in the information and the proof must show that the first or earliest prior conviction became final before the commission of the second offense.

It is contended by the appellant that the same standards imposed under the general recidivist statutes,[1] should apply to "all matters of enhancement regardless of the statute used for enhancement purposes."

At the outset it should be noted that we find no evidence in the record from which the date of the commission of the offenses for which appellant was previously convicted may be ascertained.

Article 6687b, § 13, Vernon's Ann.Civ. St., reads as follows:

"Every person shall have an operator's, commercial operator's, or chauffeur's license in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer. Any person who violates this Section shall be guilty of a misdemeanor and upon conviction thereof be punished by a fine of not more than Two Hundred Dollars ($200); for a second conviction, within one (1) year thereafter, such person shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Two Hundred Dollars ($200); upon the third or subsequent conviction within one (1) year after the second conviction such person shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500), or by imprisonemnt in the county jail for not less than seventy-two (72) hours nor more than six (6) months, or by both such fine and imprisonment. It shall be a defense to any charge under this Section that the person so charged produce in court an operator's, commercial opera-

---

1. Articles 61, 62, 63 and 64, Vernon's Ann.P.C.

tor's, or chauffeur's license theretofore issued to such person and valid at the time of his arrest. It shall be the duty of the judge of the court to report forthwith to the Department of Public Safety any convictions obtained in his court under this Section, together with a set of the fingerprints of the person so convicted, and it shall be the duty of the Department of Public Safety to keep a record thereof. Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section."

■ When construing penal statutes authorizing increased punishment in connection with other criminal statutes, the Legislature obviously intended for the enhanced penalty statutes to be reformatory in their nature and not warrant the cumulation of a number of cases occurring simultaneously. It further contemplated an enhanced punishment for a defendant who, after previous convictions, does not reform because of his persistence in the perpetuation of crime. Ellison v. State, 154 Tex. Cr.R. 406, 227 S.W.2d 545 (1950); Sigler v. State, 143 Tex.Cr.R. 220, 157 S.W.2d 903 (1941); Arbuckle v. State, 132 Tex. Cr.R. 371, 105 S.W.2d 219 (1937). See also 24B C.J.S. Criminal Law § 1958, p. 435.

■ This court has on numerous occasions held that such statutes must be strictly construed. Alvarez v. State, 472 S.W.2d 762 (Tex.Cr.App.1971); Garcia v. State, 140 Tex.Cr.R. 340, 145 S.W.2d 180 (1940); Square v. State, 142 Tex.Cr.R. 493, 154 S. W.2d 852 (1941); Ellis v. State, 115 S.W. 2d 660 (Tex.Cr.App.1938). To impose a lesser burden on the State merely because the enhancement provisions are contained in a special statute would defeat the legislative intent, when that intention is plainly manifest and fairly deducible from the language of the act. See Article 7, Vernon's Ann.P.C., 53 Tex.Jur.2d, Statutes, § 198, pp. 304–305.

■ The State argues that Article 6687b, § 13, Vernon's Ann.C.S., does not impose the burden of alleging and proving the date of commission of prior offenses since the special statute speaks only of "conviction."

While this statute is devoid of such language, it should be noted that the enhanced penalty statutes also do not provide in express terms that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefor. Yet, the language clearly implies that such was the intention. See Rogers v. State, 168 Tex.Cr.R. 306, 325 S. W.2d 697 (1959); Guilliams v. State, 159 Tex.Cr.R. 81, 261 S.W.2d 598 (1953). See also Haines v. State, 391 S.W.2d 58 (Tex. Cr.App.1965); Wheat v. State, 442 S.W.2d 363 (Tex.Cr.App.1969); Alvarez v. State, supra; Rounsavall v. State, 480 S.W.2d 696 (Tex.Cr.App.1972), and cases there cited.

■ It is thus apparent that the State failed to allege and prove that appellant's second prior conviction in Cause No. F 11395 was for an offense committed after the conviction in Cause No. J8338 became final. The mere fact that the appellant stipulated that he had been previously convicted of the two offenses did not dispense with the necessity of the State making such proof. See and compare Jones v. State, 422 S.W.2d 183 (Tex.Cr.App.1967); Lee v. State, 400 S.W.2d 909 (Tex.Cr. App.1966); Loud v. State, 166 Tex.Cr.R. 81, 311 S.W.2d 852 (1958); Stover v. State, 145 Tex.Cr.R. 426, 168 S.W.2d 871 (1943); Mullins v. State, 140 Tex.Cr.R. 261, 144 S.W.2d 565 (1940).

The judgment, however, may be reformed by the court and affirmed as a conviction for failure to possess an operator's license, second offense, in light of the allegations of the information and the penalty assessed.

As so reformed, the judgment is affirmed.