Pablo RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00722–CR.

Court of Appeals of Texas,
San Antonio.

Sept. 27, 2000.

J. Martin Clauder, Law Offices of J. Martin Clauder, Gonzales, for appellant.

Allison Lanty, Asst. Dist. Atty., Seguin, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: TOM RICKHOFF, Justice.

Pablo Rodriguez was charged with driving while intoxicated, enhanced by two prior convictions for driving while intoxicated (DWI). A jury, finding the enhancement paragraphs true, found Rodriguez guilty of the felony offense of DWI. The trial court assessed punishment at 35 years confinement. We address whether: (1) the evidence was factually sufficient to support the conviction and (2) a 1991 DWI conviction was used both for the purpose of enhancing the offense and enhancing the punishment. We hold the evidence was sufficient to support the conviction, but we remand for re-sentencing.

### SUFFICIENCY OF THE EVIDENCE

Rodriguez asserts the evidence is factually insufficient to support his conviction. In considering a factual sufficiency challenge, we do not view the evidence through the prism of "in the light most favorable to the prosecution." *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996). Instead, we examine all of the evidence impartially, and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain*, 958 S.W.2d at 410; *Clewis*, 922 S.W.2d at 129. We must defer to the factfinder, and may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See Cain*, 958 S.W.2d at 407.

At about 1:30 a.m. on November 7, 1998, Officer Golla received a dispatch to the scene of a disturbance, and he was given the description of a maroon truck driven by a man involved in the disturbance. Golla was told the man was Pablo Rodriguez and that he might be intoxicated. Golla saw the maroon truck and began to follow it. Golla testified that the truck was speeding, but he did not know how fast it was going. As he was following the truck, Golla turned on his flashing lights, but the driver, who turned out to be Rodriguez, did not immediately stop. Golla then turned on his side-mounted light and siren. Rodriguez swerved over the yellow line into the turning lane and then veered back into the line of traffic. At all other times, he kept the truck under control.

After about four blocks, the truck finally came to a stop, and Golla ordered Rodriguez to get out of the truck. Golla testified he handcuffed Rodriguez because Rodriguez had allegedly assaulted someone and was "possibly" driving while intoxicated. Golla thought Rodriguez was intoxicated because he was unsteady when he got out of the truck, there was a smell of alcohol on his breath and person, and his eyes were glassy. Golla did not ask Rodriguez to perform any field sobriety tests because Rodriguez was belligerent. Golla admitted that if he had not been told by dispatch that the driver of the maroon truck might be intoxicated, he would not have suspected Rodriguez was driving while intoxicated based on how he was driving.

Shortly after Golla stopped Rodriguez, Officer Price arrived. Price also testified that no field sobriety tests were administered because of Rodriguez's belligerence. Price transported Rodriguez to the Sheriff's Office, and put him into a room with a videotape and an Intoxilizer. With the videotape [1] on, Price read Rodriguez his DWI statutory warnings, and asked him to take the breath test. Rodriguez refused. Price then had Rodriguez perform three sobriety tests, after which Price concluded Rodriguez was intoxicated.

On appeal, Rodriguez asserts the State did not meet its burden of proof because Golla said he did not think Rodriguez was intoxicated based on how he was driving the truck and because there was no opinion testimony that he lacked the normal use of his mental or physical faculties. We disagree. After examining all the evidence without viewing it in the light most favorable to the verdict, we find the verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. We hold the evidence was factually sufficient to support the jury's verdict.

## ENHANCEMENT OF OFFENSE AND PUNISHMENT

The indictment alleged Rodriguez was driving while intoxicated on November 7, 1998. The indictment contained four enhancement paragraphs, each alleging the following dates of DWI convictions: December 9, 1986, May 26, 1987, September 6, 1988, and August 2, 1991. At the arraignment, the State read only the 1986 and 1987 convictions to the jury.[2] Although proof of the 1986 and 1987 convictions were admitted into evidence, the exhibits evidencing the convictions did not contain Rodriguez's fingerprints or other identifying information. The State introduced into evidence the 1991 conviction to prove Rodriguez was the same person named in the 1986 and 1987 convictions, and the trial court admitted the 1991 conviction for the limited purpose of identify-

---

1. The jury viewed the videotape.

2. After Golla testified, and outside the jury's hearing, the prosecutor told the court he would offer the 1991 conviction for two purposes: first, to identify the defendant, and second, to tack onto the 1986 and 1987 convictions. The prosecutor said this in response to the trial court's concern that the 1986 and 1987 convictions were more than ten years old.

ing Rodriguez. The jury charge instructed the jury that it could find Rodriguez guilty of the felony offense as alleged in the indictment only if it found beyond a reasonable doubt that he had previously been convicted two or more times of being intoxicated while driving or operating a motor vehicle in a public place, specifically on December 9, 1986 and May 26, 1987. The jury also was instructed that evidence of other offenses was to be used only as an aid in deciding whether Rodriguez had two prior convictions and was not to be used for any other purpose.

During closing arguments, the State told the jury it needed to consider the 1986 and 1987 convictions for the purpose of finding Rodriguez guilty of a felony offense. The prosecutor explained that fingerprints were not included in the exhibits evidencing the 1986 and 1987 convictions; therefore, the jury should consider the exhibits evidencing the 1991 conviction for the purpose of deciding whether Rodriguez was the same defendant convicted in 1986 and 1987. The jury found Rodriguez guilty of the felony offense of DWI.

■ At the sentencing hearing, the State read the 1988 and 1991 convictions into the record for the purpose of enhancing the punishment. Defense counsel objected to the use of the 1991 conviction, arguing that it could not be used to enhance punishment because the State had already used it to enhance the offense.[3]

If it is shown during a DWI trial that the defendant has been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, the offense is a felony of the third degree. TEX. PEN.CODE ANN. § 49.09(b) (Vernon Supp.2000). A prior conviction may not be used under section 49.09(b) if: (1) the conviction was a final conviction under subsection (d) and was for an offense committed more than ten years before the offense for

which the person is being tried was committed; and (2) the person has not been convicted of an offense under section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated committed within ten years before the date on which the offense for which the person is being tried was committed. *Id.* § 49.09(e). If it is shown during a DWI sentencing that the defendant has been convicted two times of a felony offense, and the second offense was subsequent to the first, the defendant shall be punished by confinement for life, or for any term not less than 25 years and not more than 99 years. *Id.* § 12.42(d). A prior conviction may be used for enhancement purposes under section 49.09(b) or 12.42(d), but not both. *Id.* § 49.09(f).

On appeal, Rodriguez asserts that the 1991 conviction was used both to enhance the primary offense of DWI under section 49.09(b), and to enhance the punishment under the habitual felony offender statute, section 12.42(d). Rodriguez argues that the 1991 conviction was used to enhance his offense because the State had to admit evidence of that conviction before it could admit evidence of the 1986 and 1987 convictions under section 49.09(e). He argues that because the 1986 and 1987 convictions occurred more than ten years before the offense with which he was charged, the 1991 conviction was an essential element of the felony DWI offense. He concludes that the 1991 conviction was "used" to enhance his offense; therefore, it was error for the trial court to "use" it to enhance his sentence.

■ Prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. *See Gibson v. State*, 995 S.W.2d 693, 696 (Tex. Crim.App.1999). The prior intoxication-

---

**3.** The State contends Rodriguez waived his objection because he did not obtain an adverse ruling. We disagree. After counsel made his objection, the trial court stated,

"That is a good point on appeal." We construe this statement as an adverse ruling sufficient to preserve Rodriguez's complaint on appeal.

related offenses are elements of the offense of DWI. *See Gibson*, 995 S.W.2d at 696; *Jimenez v. State*, 981 S.W.2d 393, 396 (Tex.App.-San Antonio 1998, pet. ref'd). They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial. *See Gibson*, 995 S.W.2d at 696.

Because Rodriguez's 1986 and 1987 convictions were too remote in time, the State was required to prove an intervening conviction. *See* Tex. Pen.Code Ann. § 49.09(e) (Vernon Supp.2000). The 1991 conviction served this purpose. At trial and on appeal, the State asserts the 1991 conviction was used only to identify Rodriguez; it was not used to enhance the offense. The State does not explain how or whether the 1986 and 1987 convictions could have been admitted into evidence without proof of the 1991 conviction. We conclude that "tacking" the 1991 conviction to the 1986 and 1987 convictions was necessary to render the 1986 and 1987 convictions not remote under section 49.09(e). The narrow issue on appeal, then, is whether tacking the 1991 conviction to the remote 1986 and 1987 convictions during the guilt-innocence phase caused the 1991 conviction to be "used for purposes of enhancement under" section 49.09.

■ The parties do not direct our attention to, and our own research does not reveal, any cases addressing this issue. However, we note that a prior conviction for felony DWI may be used in a subsequent felony DWI prosecution to show that a defendant is a habitual felony offender. *See Phillips v. State*, 992 S.W.2d 491, 493 (Tex.Crim.App.1999); *see also Guinn v. State*, 696 S.W.2d 436, 438 (Tex. App.-Houston [14th Dist.] 1985, pet. ref'd) (upholding defendant's felony conviction upon his third DWI offense effected will of Legislature to punish repeat offenders more severely, to discourage offenders from drinking and driving, and to physically remove drunk drivers from public streets); *Square v. State*, 142 Tex.Crim.

493, 154 S.W.2d 852, 852–53 (1941) (enhanced penalty statutes are reformatory in nature). Thus, section 12.42(d) serves the purpose of enhancing punishment for a defendant who, after previous convictions, does not reform because of his persistence in the perpetuation of crime. *Cf. Linley v. State*, 501 S.W.2d 121, 123 (Tex.Crim.App. 1973) ("When construing penal statutes authorizing increased punishment in connection with other criminal statutes, the Legislature obviously intended for the enhanced penalty statutes to be reformatory in their nature . . . ."). Therefore, in determining when a prior conviction has been "used" under section 49.09(f), we look for guidance in those cases discussing when evidence of a prior conviction may be used for the purpose of showing lack of reformation.

Generally, when a defendant testifies, prior convictions for felonies or misdemeanors involving moral turpitude may be admitted in evidence as impeachment. Tex.R. Evid. 609(a). However, the Texas Court of Criminal Appeals has placed limits on that general proposition by holding that evidence of extremely remote convictions cannot be admitted for purposes of impeachment. *See Lucas v. State*, 791 S.W.2d 35, 50 (Tex.Crim.App.1989). The general rule of thumb is that where the release from confinement is less than ten years prior to the proceeding in which the conviction is sought to be used, the conviction is admissible. *See id.*; Tex.R. Evid. 609(b).

The Court of Criminal Appeals has carved out an exception to the general rule. If more than ten years has elapsed, a prior conviction will not be held remote if the witness' lack of reformation is shown by evidence of an intervening conviction for a felony or a misdemeanor involving moral turpitude. *See Lucas*, 791 S.W.2d at 51; *McClendon v. State*, 509 S.W.2d 851, 855–57 (Tex.Crim.App.1974); *Crisp v. State*, 470 S.W.2d 58, 59 (Tex.Crim.App. 1971); *Sinegal v. State*, 789 S.W.2d 383, 388 (Tex.App.-Houston [1st Dist.] 1990,

pet. ref'd). Evidence of the lack of reformation or subsequent felony and certain misdemeanor convictions may then cause the prior conviction to fall outside the general rule and not be subject to the objection of remoteness. *See McClendon*, 509 S.W.2d at 855–56; *Crisp*, 470 S.W.2d at 59.

In *Lucas*, the State was allowed to impeach a defense witness with evidence of the witness's almost 20–year–old forgery convictions. The State argued that the witness had not reformed in the intervening years because he had fled the jurisdiction of another state rather than face drunken driving charges and he allegedly participated in a kick-back scheme to take part of a worker's pay in return for showing the worker present at a jobsite even if the worker was absent. The Court of Criminal Appeals held that while the trial court properly considered uncontroverted evidence of the witness's flight to avoid prosecution in making its decision to admit the remote prior convictions, the court erroneously considered evidence of the highly contested issue regarding the witness's participation in an illegal kick-back scheme. 791 S.W.2d at 52. The court concluded that, without any other intervening acts of misconduct, evidence of flight ten years before trial was not enough to show unreformed character at the time of trial. *Id.*

In *Sinegal*, the State was allowed to impeach the defendant's credibility with five prior convictions. The defendant had been released from prison ten and one-half years before trial, he did not have any intervening convictions, and he was between 16 and 19 years old when he committed the prior offenses. The court of appeals held that the trial court abused its discretion in allowing evidence of the remote convictions because there was no evidence of lack of reformation. 789 S.W.2d at 388.

■ We interpret these cases as requiring proof of intervening convictions before a remote conviction may be admitted into evidence. Similarly, we hold that proof of an intervening conviction under section 49.09(e)(2) is required before a remote conviction may be used to enhance an offense under section 49.09(b). In other words, it is not enough that an intervening conviction merely exist; the State must *prove* lack of reformation by admissible evidence. As we have already noted, if the remote conviction is an element of the offense, then a necessary intervening conviction is also an element of the offense. Therefore, because the State was required to use the 1991 conviction to defeat a remoteness objection to the 1986 and 1987 convictions, we hold that the 1991 conviction was "used for purposes of enhancement [of the offense] under" section 49.09(f). Accordingly, it was error for the trial court to use the 1991 conviction to prove habitual felony offender status under section 12.42 to enhance Rodriquez's punishment.

■ Rodriguez was found guilty of felony DWI, a third degree felony. Tex. Pen.Code Ann. § 49.09(b). The normal range of sentencing for this offense is imprisonment for not more than ten years or less than two years and a fine not to exceed $10,000. *Id.* § 12.34. Rodriguez's sentence was enhanced because he had two previous felony convictions, one of which was the 1991 conviction. If a person who is guilty of a third-degree felony, such as felony DWI, is an habitual felony offender, the person may be punished by imprisonment for life or for any term of not more than 99 years or less than 25 years. *Id.* § 12.42(d).

In this case, Rodriguez was sentenced to thirty-five years in prison. Without proof of two previous felony convictions, he could have only been sentenced to imprisonment for not more than ten years or less than two years. *Id.* § 12.34. Therefore, we conclude that Rodriguez was harmed by the trial court's error.

We affirm the trial court's judgment as to the finding of guilt and reverse that portion of the judgment imposing sentence

and remand the cause for reassessment of punishment. *See* Tex.Code Crim. Proc. Ann. art. 44.29(b) (West Supp.2000).

Dissenting opinion by: SARAH B. DUNCAN, Justice.

SARAH B. DUNCAN, Justice, dissenting.

I concur in the court's judgment affirming the conviction but not in its reversal of the punishment assessed. In my view, the 1991 conviction was used as a predicate to the admissibility of the 1986 and 1987 convictions; it was not used to enhance the level of offense.