No. 04-01-00599-CR



 Pablo RODRIGUEZ,

Appellant


v.


The STATE of Texas,

Appellee


From the 25th Judicial District Court, Guadalupe County, Texas

Trial Court No. 99-0084-CR

Honorable Dwight E. Peschel, Judge Presiding


Opinion by: Karen Angelini, Justice

 

Sitting: Phil Hardberger, Chief Justice

 Karen Angelini, Justice 

 Sandee Bryan Marion, Justice 


Delivered and Filed: December 4, 2002


AFFIRMED



 This is appellant Pablo Rodriguez's second appeal from a jury conviction of felony driving
while intoxicated ("DWI"). In his first appeal, we affirmed Rodriguez's conviction but remanded the
case for a reassessment of his sentence. In this appeal, Rodriguez argues that the trial court erred
when it assessed his sentence for fifteen years' imprisonment because it was "in excess of the [ten]
year maximum provided by sec[tion] 12.32 [sic]of the Texas Penal Code and in conflict with this
court's ruling." We affirm the trial court's judgment.

Statement of Facts

 Rodriguez initially was charged with felony DWI, and the State sought, in accordance with
section 49.09 (b)(2) of the Texas Penal Code, to enhance the primary DWI offense to a third degree
felony by using two of Rodriguez's prior DWI convictions. Because Rodriguez's prior convictions
were remote in time under section 49.09(e), the State was required to use an intervening conviction.
The State then submitted evidence showing that Rodriguez was also convicted in 1991 for DWI.
Because the jury found Rodriguez guilty of DWI and found the enhancement allegations to be true,
the charged offense was enhanced to a third degree felony. 

 During the punishment phase, the State submitted a 1988 DWI conviction and the same 1991
conviction to enhance his sentence under the habitual offender statute. See Tex. Pen. Code Ann.
§ 12.42(d) (Vernon Supp. 2002). Using these convictions to enhance the punishment for his third
degree felony, the jury sentenced Rodriguez to thirty-five years' imprisonment. Rodriguez appealed
the sentence imposed, and this court held that it was improper to use the 1991 conviction for
enhancing both the offense and his punishment. Rodriguez v. State, 31 S.W.3d 359, 364 (Tex.
App.--San Antonio 2000, pet. ref'd). We therefore remanded the case to the trial court for a new
punishment hearing. At the new punishment hearing, the trial court sentenced Rodriguez as a repeat
offender, this time based on only the 1988 conviction, to fifteen years' confinement. See Tex. Pen.
Code Ann. § 12.42(a)(3) (Vernon Supp. 2002). It is from this sentencing determination that
Rodriguez again appeals.


Discussion 

 Rodriguez's sole complaint on appeal is that the trial court erred in using his 1988 conviction
to enhance his sentence to a second degree felony under section 12.42 (a)(3) of the Texas Penal
Code, which was in direct conflict with this court's ruling in his first appeal. However, this complaint
has not been preserved for our review because he failed to object to the use of this conviction during
the punishment hearing. In fact, when the State offered documentation of the 1988 conviction into
evidence as State's Exhibit Number 9, Rodriguez's counsel stated "No objection to Number 9."
Accordingly, Rodriguez has not preserved his complaint on appeal. See Tex. R. App. P. 33.1(a); Ex
parte Patterson, 969 S.W.2d 16, 19-20 (Tex. Crim. App. 1998).

 Further, even if Rodriguez had properly preserved his complaint, it is without merit.
Rodriguez argues that language in our first opinion limited the assessment of his sentence to that of
a third degree felony, which ranges in punishment from two to ten years. In making this argument,
Rodriguez relies on the following language from our previous opinion: "[w]ithout proof of two
previous felony convictions, he could have only been sentenced to imprisonment for not more than
ten years or less than two years." However, on remand, we did not order the trial court to sentence
him as a third degree felon nor did we limit the court from entertaining any evidence of other prior
convictions to be used for enhancement purposes. We held that the 1991 conviction had been "used"
to enhance the offense and therefore could not be used again at the sentencing phase. We did not
prohibit the use of previous convictions from Rodriguez's record. Therefore, we hold now that the
use of the 1988 conviction did not conflict with our previous holding, and we overrule Rodriguez's
issue on appeal. 


Conclusion

 We affirm the trial court's judgment.



 Karen Angelini, Justice


DO NOT PUBLISH