11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jimmy Lee Green

Appellant

Vs.                   No.
11-03-00083-CR -- Appeal from Comanche County

State of Texas

Appellee

 

In a nonjury trial, the
trial court convicted Jimmy Lee Green of the offense of felony driving while
intoxicated, found the enhancement allegations to be true, and assessed
punishment at confinement for 25 years and a $1,000 fine.  We affirm. 


Appellant presents seven issues for appellate
review.  In the first five issues,
appellant argues that the evidence was insufficient to prove that he was the
same person named in State=s
Exhibit Nos. 2, 3, 4, 5, and 6.  These
exhibits contain information regarding the four prior DWI convictions of “Jimmy
Lee Green” that were used to enhance appellant=s
offense in this case to a felony DWI and also to a habitual offender.  See TEX. PENAL CODE ANN. '' 49.09 & 12.42(d) (Vernon
Supp. 2004).  

Exhibit No. 2 is a certified copy of the driving
record of “Green” bearing Driver=s
License No. 05561760.  Testimony showed
that that number was appellant’s driver’s license number.  The officer who stopped appellant in this
case and eventually arrested him for DWI testified that he retrieved appellant=s license upon stopping him and that
appellant=s driver=s license number matched the number in
Exhibit No. 2.  Thus, Exhibit No. 2 was
sufficiently identified as the driving record of appellant.  Appellant=s
driving record indicated that he had previously been convicted of DWI as
follows: (1) for an offense that occurred on August 2, 1986, in Williamson
County in Cause No. 0000014342; (2) for an offense that occurred on March 6,
1991, in Brown County in Cause No. 0000039792; and (3) for an offense that
occurred on June 6, 1992, in Brown County in Cause No. 0000012861.  








Exhibit No. 3 is a certified copy of the judgment
and order of commitment from the Williamson County DWI -- Cause No.
14,342.  This exhibit contains no
pictures, fingerprints, or other identifying attributes.  Exhibit No. 4 is a certified copy of the
information and judgment in Cause No. 39,792 out of Brown County and, likewise,
contains no pictures, fingerprints, or other identifying attributes.  

Exhibit Nos. 5 and 6 are certified copies of pen
packets.  These exhibits contain pictures
of appellant.  Testimony showed that the
photos contained in the pen packets where photos of appellant.  The State did not attempt to identify
appellant by the fingerprint cards contained in the pen packets.  However, the identification of the photos
contained in those pen packets constituted sufficient evidence to prove
appellant’s identity as the person convicted in those cases.  See Littles v.
State, 726 S.W.2d 26, 31 (Tex.Cr.App.1987); Beck v. State, 719
S.W.2d 205, 209 (Tex.Cr.App.1986); Gollin
v. State, 554 S.W.2d 683 (Tex.Cr.App.1977); Williams v. State, 89
S.W.3d 325, 329 (Tex.App. - Texarkana 2002, pet’n ref’d).  

Exhibit No. 5 contains two judgments of conviction
from the district court in Brown County. 
One of them shows that appellant was convicted of felony DWI in Cause
No. 12,861; the other shows that appellant was convicted of the second degree
felony offense of possession of cocaine in Cause No. 13,630.  Exhibit No. 6 contains an indictment and
judgment of conviction for the offense of felony DWI in Cause No. 19,612 from
the district court in Eastland County. 
The date of that offense was November 15, 1999.  The documents in Exhibit No. 6 show that
appellant pleaded guilty to the offense and also that he pleaded true to the
enhancement allegations.  The enhancement
allegations to which appellant pleaded true were the Williamson County DWI
conviction in Cause No. 14,342; the Brown County DWI conviction in Cause No.
39,792; and the DWI conviction in Cause No. 12,861 from the district court in
Brown County.  

We hold that State’s Exhibit Nos. 2, 5, and 6 were
connected to appellant by sufficient evidence. 
Through these exhibits, appellant’s identity as the person convicted in
Exhibit Nos. 3 and 4 was also shown.  We
hold that the evidence was sufficient to show that appellant was the person
previously convicted of the four DWIs as alleged in
the indictment in this case.  Appellant’s
first, second, third, fourth, and fifth issues are overruled.  








In the sixth issue, appellant argues that the
trial court erred in permitting the State to use one of the DWI convictions --
alleged for enhancement purposes under Section 12.42(d) -- as an intervening
conviction under Section 49.09(e).  In
his seventh issue, appellant contends that, because the prior DWI conviction
was used as an intervening conviction under Section 49.09(e), it was
unavailable for use to elevate appellant’s punishment to that of a habitual
offender under Section 12.42(d).  We
disagree.  

Section 49.09(b) provides that driving while
intoxicated is a third degree felony “if it is shown on the trial of the
offense that the person has previously been convicted...two times of any other
offense relating to the operating of a motor vehicle while intoxicated.”  Section 49.09(e) provides as follows:  

(e) Except as provided by Subsection (f), a
conviction may not be used for purposes of enhancement under this section if:

 

(1) the conviction was a final conviction under
Subsection (d);

 

(2) the offense for which the person is being
tried was committed more than 10 years after the latest of:

 

(A) the date on which the judgment was entered for
the previous conviction;

 

(B) the date on which the person was discharged
from any period of community supervision on which the person was placed for the
previous conviction;

 

(C) the date on which the person successfully
completed any period of parole on which the person was released after serving a
portion of the term to which the person was sentenced for the previous
conviction;  or

 

(D) the date on which the person completed serving
any term for which the person was confined or imprisoned for the previous
conviction;  and

 








(3) the person has not been convicted of an offense under Section
49.04, 49.05, 49.06, 49.065, 49.07, or 49.08[1]
or any offense related to operating a motor vehicle while intoxicated within 10
years of the latest date under Subdivision (2).

 

Thus, under Section 49.09(e), a remote intoxication-related
conviction may not be used to elevate a DWI offense to a felony if the prior
offense, conviction, and discharge occurred more than ten years before the
instant offense, unless there is an intervening intoxication-related
conviction. Section 49.09(g) provides that a conviction may be used for
enhancement under Section 49.09 or under Section 12.42(d) Abut not under both.@ 


The offense for which appellant was on trial in
this case occurred on August 24, 2002. 
The later of two offenses used to elevate this offense to a felony under
Section 49.09 occurred on March 6, 1991, with the date of the conviction being
March 28, 1991.  Both of these dates
occurred more than ten years prior to the instant offense.  In the 1991 case, appellant=s punishment was assessed at
confinement for 180 days, probated for 24 months.  The record, however, does not indicate the
date on which appellant either completed a term of confinement or was
discharged from community supervision. 
Consequently, the State offered proof that there was an intervening DWI
that occurred within ten years as provided for in Section 49.09(e)(3).  

The DWI conviction that the State used as proof of
an intervening DWI was the 1992 offense for which appellant was convicted in
1993.  This 1993 DWI conviction was also
alleged for purposes of enhancement under Section 12.42(d).  Appellant objected that the 1993 conviction
could not be used for both purposes.  

Appellant relies upon Rodriguez v. State,
31 S.W.3d 359 (Tex.App. - San Antonio 2000, pet=n ref=d),
in support of his position.  Upon
determining that an intervening DWI conviction under Section 49.09(e) was an
element of the offense, the court in Rodriguez held that the intervening
DWI could not be used to elevate the offense to a felony under Section 49.09(b)
and, at the same time, to enhance the defendant=s
punishment as a habitual offender under Section 12.42(d).  Rodriguez v. State, supra at
364.  








Subsequent to the San Antonio court=s opinion in Rodriguez, the
Court of Criminal Appeals addressed the issue of an intervening
intoxication-related offense in Weaver v. State, 87 S.W.3d 557
(Tex.Cr.App.2002), cert. den=d,
538 U.S. 911 (2003).  The Court of
Criminal Appeals held that the intervening intoxication-related offense in
Section 49.09(e) Ais not an
element@ of the
offense of felony DWI but, rather, Ais
more akin to a rule of admissibility, as opposed to an element of the offense.@ 
Weaver v. State, supra at 561.  The intervening offense does not have to be
alleged in the indictment or submitted to the jury, but need only be proved to
the trial court at some point during the State=s
case-in-chief.  Weaver v. State, supra
at 561.  

Because an intervening intoxication-related
offense is not an element of felony DWI, the intervening conviction may be used
to enhance punishment pursuant to the repeat and habitual offender statute
while being used in the same case to protect the two prior convictions alleged
for purposes of Section 49.09(b) from being inadmissible as remote convictions
under Section 49.09(e).  That is what
occurred in this case.  Consequently, we
hold that the trial court did not err in using appellant=s
1993 DWI conviction for both purposes. 
Furthermore, the use of the intervening conviction for both such
permissible purposes does not violate Section 49.09(g) because the intervening
conviction is not being used to enhance appellant=s
offense under Section 49.09.  The sixth
and seventh issues are overruled.  

The judgment of the trial court is affirmed.  

 

W. G. ARNOT, III 

CHIEF JUSTICE 

 

June 24, 2004  

Publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J. 











[1]TEX. PENAL CODE ANN. ''
49.04, 49.05, 49.06, 49.065, 49.07, & 49.08 (Vernon 2003).