Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



RANDY EDWARD GOODRUM,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-04-00265-CR

Appeal from the

338th District Court

of Harris County, Texas

(TC# 852366)




O P I N I O N

           This is an appeal from a conviction for the offense of aggravated sexual assault. 
Appellant pleaded nolo contendere and the court assessed punishment at ten years’
imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We
affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           Two indictments for aggravated sexual assault naming Appellant as the defendant
were filed in Harris County on October 27, 2000. Another indictment for aggravated sexual
assault was filed on May 18, 2001. Prior to these filings, in July of 2000, Appellant was
arrested on another aggravated sexual assault case in Brazoria County. This trial concluded
on September 28, 2001 with a finding of guilt and the assessment of a life term of
imprisonment, and Appellant was transferred to the Texas Department of Criminal Justice. 
On November 12, 2001, Appellant received notice that detainers for the other offenses had
been lodged. Two days later, Appellant wrote to the District Attorney’s Office in Houston
stating that the detainers were detrimental to his incarceration and he requested a speedy trial. 
Apparently, there was a fourth offense upon which a detainer had been lodged.
           On March 4, 2002 and May 12, 2002, Appellant wrote letters to the District
Attorney’s Office requesting that he be bench warranted to Houston. On January 8, 2003,
Appellant wrote a letter to the Harris County District Clerk’s Office requesting information
regarding the pending cases. On October 19, 2003, he again wrote to the District Attorney’s
Office requesting information on the pending charges. He also stated that the delay was
detrimental to his ability to obtain certain jobs and status at the penitentiary, and his defense
was being prejudiced by the delay. By March 23, 2004, Appellant had been bench warranted
to Houston and he appeared in court and he filed various motions.
           On May 21, 2004 and June 4, 2004, two hearings were held on Appellant’s motion
to dismiss for lack of speedy trial. Appellant presented three witness. The first, his mother,
testified that while Appellant was in prison, she contacted the Harris County Sheriff’s
Department and was mistakenly told that there were no charges pending against Appellant. 
Tracie Holley stated that she was married to Appellant’s stepbrother. She testified that in
1996 and 1997, Appellant dated a lot women and due to the passage of time, she would
probably not be able to identify any of the women. Christopher Fitzgerald testified that he
and Appellant had been friends since about 1990. He was aware that Appellant had dated
many women but save for the mother of Appellant’s child, he would not be able to remember
any of the women Appellant dated. On redirect-examination, Fitzgerald stated that even if
Appellant had been brought to trial in 2000, he would still not have been able to remember
any of the women.



           Appellant testified that the fact that detainers had been lodged caused him to not
qualify for a trustee position. Also, this detainer status caused him to have to pay for college
classes as opposed to receiving them without charge, and he could not obtain a job at the
prison law library.
           The court ruled that Appellant had failed to establish prejudice with regard to his
speedy trial claim and the motion was denied. After the court denied Appellant’s motion to
dismiss based upon the lack of a speedy trial, Appellant entered pleas of nolo contendere to
three charges of aggravated sexual assault with a deadly weapon in exchange for ten years’
incarceration each and the dismissal of a fourth charge, and Appellant was sentenced
accordingly.
II. DISCUSSION
           In Appellant’s pro se brief, he asserts in his sole issue that the court erred in
overruling his motion to dismiss the charges against him for want of a speedy trial. The right
to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution as
applied to the states through the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514,
515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972); Ramirez v. State, 897 S.W.2d 428, 431
(Tex. App.--El Paso 1995, no pet.). When analyzing a trial court’s decision to grant or deny
a speedy trial claim, a reviewing court must balance four factors: (1) the length of the delay;
(2) the reason for the delay; (3) whether the defendant asserted his speedy trial rights; and
(4) any resulting prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2192;
Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1192,
115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). None of the four factors alone is a necessary or
sufficient condition to finding a deprivation of the right to a speedy trial. Barker, 407 U.S.
at 533, 92 S.Ct. at 2193.
           We apply a bifurcated standard of review: an abuse of discretion standard for the
factual components, and a de novo standard for the legal components. Zamorano v. State,
84 S.W.3d 643, 648 (Tex. Crim. App. 2002). This means that we independently weigh and
balance the Barker factors, but we presume the trial court resolved any disputed fact issues
in a manner that supports its ruling. See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex.
Crim. App. 1999). We review the trial court’s decision on a speedy trial claim in light of the
arguments, information, and evidence before the trial court at the time it ruled. Dragoo v.
State, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). Because the trial court denied
Appellant’s motion, we must presume the trial court resolved disputed factual issues in the
State’s favor and defer to the implied factual findings supported by the record. Kelly v. State,
163 S.W.3d 722, 726-27 (Tex. Crim. App. 2005). We must uphold the trial court’s ruling
if it is supported by the record and is correct under the applicable law. Shaw v. State, 117
S.W.3d 883, 889 (Tex. Crim. App. 2003). When credibility of a witness is involved,
deference to the trial court “is especially appropriate.” Kelly, 163 S.W.3d at 727. The fact
finder may completely disregard a witness’s testimony. Id.
           Regarding the first factor in the Barker analysis, the length of delay is measured from
the time the defendant is arrested or formally accused. United States v. Marion, 404 U.S.
307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). The length of the delay is, to some
extent, a triggering mechanism, so that a speedy trial claim will not be heard until passage
of a period of time that is prima facie unreasonable under the circumstances. Doggett v.
United States, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91, 120 L.Ed.2d 520 (1992);
Barker, 407 U.S. at 530, 92 S.Ct. at 2189. “If the accused makes this showing, the court
must then consider, as one factor among several, the extent to which the delay stretches
beyond the bare minimum needed to trigger judicial examination of the claim.” Doggett, 505
U.S. at 652, 112 S.Ct. at 2691. In general, delay approaching one year is sufficient to trigger
a speedy trial inquiry. Id. at 652 n.1, 112 S.Ct. at 2691 n.1.
           In the instant case, Appellant was indicted in October of 2000, and May of 2001. 
However, he was incarcerated and being tried in Brazoria County until September 28, 2001. 
Appellant’s first court appearance in Houston was on March 23, 2004. Clearly, the length
of delay was well beyond that required to trigger an inquiry, and this factor is weighed
heavily against the State.
           The next Barker factor is the reason for the delay. The State has the initial burden of
justifying a lengthy delay. Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994),
cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). In examining the
reasons for the delay, we accord different weights to various reasons. Barker, 407 U.S. at
531, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708. A deliberate attempt to delay the trial in
order to hamper the defense should be weighed heavily against the State. Barker, 407 U.S.
at 531, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708. Valid reasons are not weighed against
the State at all. Barker, 407 U.S. at 531, 92 S.Ct. at 2192. Further, delay that is attributable
in whole or in part to the defendant may constitute a waiver of the speedy trial claim. State
v. Munoz, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999). When the record is silent as to the
reason for the delay, we may presume neither a valid reason nor a deliberate attempt to
prejudice the defense. Dragoo, 96 S.W.3d at 314. In the present case, the record is silent as
to reasons for the delay and we presume neither a valid reason nor a deliberate attempt by the
State to delay Appellant’s trial. This factor weighs against the State, but not heavily so. See
id.
           The third factor that a trial court must consider is the defendant’s assertion of his right
to a speedy trial. Munoz, 991 S.W.2d at 825. The defendant is responsible for asserting or
demanding his right to a speedy trial. Id. A lengthy delay or lack of persistence in asserting
the right attenuates a speedy trial claim. See Emery, 881 S.W.2d at 709. The State concedes
and we agree that Appellant persistently demanded his right to a speedy trial in a timely
manner. This factor is weighed in his favor.
           The final factor we must analyze is what prejudice Appellant suffered as a result of
the delay. In some cases, the delay may be so excessive so as to be presumptively
prejudicial. Guajardo v. State, 999 S.W.2d 566, 570 (Tex. App.-- Houston [14th Dist.] 1999,
pet. ref’d) (citing Doggett v. United States, 505 U.S. 647, 654-57, 112 S.Ct. 2686, 120
L.Ed.2d 520 (1992)). Yet even where the delay is presumptively prejudicial, the defendant
must nevertheless show that he has been prejudiced. Id. Once the defendant has made such
a showing, the burden shifts to the State. Id. at 570-71 (citing Ex parte McKenzie, 491
S.W.2d 122, 123 (Tex. Crim. App. 1973)). The prejudice to the defendant is assessed in the
light of the interests which the speedy trial right is designed to protect: preventing oppressive
pretrial incarceration; minimizing the anxiety and concern of the accused; and limiting the
possibility that the defense will be impaired. Munoz, 991 S.W.2d at 826. The defendant has
the burden to make some showing of prejudice. Id.
           During most of the time in question, Appellant was in prison serving a life term for
aggravated sexual assault. A defendant incarcerated on another charge has the same speedy
trial rights as a defendant on bail. A defendant’s status as a prisoner can neither prejudice
his speedy trial rights nor serve as a justification for the State’s delay. Chapman v. Evans,
744 S.W.2d 133, 136 (Tex. Crim. App. 1988) (orig. proceeding). Prejudice to an
incarcerated defendant can be: (1) loss of the chance of concurrent sentences; (2) increase
in duration of his sentence or a worsening of the conditions under which he must serve his
sentence; and (3) anxiety or depression because of the pending charge. Id. at 137.


 
Regarding anxiety or depression, we note that recent case law from the Court of Criminal
Appeals states that as Appellant was incarcerated most of the time in question, we are mainly
concerned with whether or not Appellant’s ability to defend himself was prejudiced by the
delay. Dragoo, 96 S.W.3d at 315.
           Appellant asserts that his defense was impaired because: (1) the witnesses he would
have called to prove he dated the complainants could no longer remember if he dated them;
therefore, (2) he would have to waive his Fifth Amendment privilege and testify in his own
defense. Because his conviction in the Brazoria County offense became final during the
delay, it could have been used to impeach him and it would have been the only such offense
that could have been used for impeachment as his other convictions were too remote.
           Regarding the first contention, the trial court could have chosen to disbelieve the
witnesses’ testimony in its entirety. Kelly, 163 S.W.3d at 727. We note that given the
testimony of Appellant’s sister-in-law and friend, the court could have readily believed that
neither witness could have remembered any of the women he dated even if the trial had
occurred in 2001.
           With regard to the impeachment contention, Appellant testified that he had twelve to
thirteen prior felony convictions and the last felony conviction was in 1993. Appellant
reasons that because these convictions were older than ten years, they were too remote to be
allowed for impeachment. However, Tex. R. Evid. 609(a) provides that a conviction for a
felony or crime of moral turpitude is admissible if the probative value of the conviction
outweighs its prejudicial effect. Tex. R. Evid. 609(b) provides that evidence of a previous
conviction that is more than ten years old is not admissible unless the court determines the
probative value of the conviction substantially outweighs its prejudicial effect. As an
exception to the general rule enunciated in Rule 609(b), it has been held that a previous
conviction is not remote if the witness’s lack of reformation is shown by evidence of an
intervening felony conviction. Rodriguez v. State, 31 S.W.3d 359, 363 (Tex. App.--San
Antonio 2000, pet. ref’d). Clearly, the Brazoria County conviction would not have been the
only conviction available for impeachment thereby greatly lessening any prejudice caused
by the delay. We find that Appellant has failed to demonstrate prejudice and that fourth
factor weighs in favor of the State.
           We conclude that after giving due deference to the findings of the trial court, the
balancing of the various factors as called for in Barker weighs against a finding that
Appellant’s right to a speedy trial was impaired. Appellant’s sole issue on review is
overruled.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
                                                                  RICHARD BARAJAS, Chief Justice

October 13, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)