COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-174-CR

 

 

RAYMOND F. ARREDONDO, III                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction








Raymond F. Arredondo, III
appeals his conviction for driving while intoxicated.  The trial court sentenced him to one hundred
fifty days=
confinement.  The trial court suspended
the sentence in favor of twenty-four months of community supervision and a fine
of $750.00.  In Arredondo=s sole point, he contends that the evidence was not factually
sufficient to support the conviction.  We
affirm.

II.
Standard of Review

In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment, weighing all of the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484B85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.








In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482. 

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486B87.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

III.
Factually Sufficient Evidence

Arredondo argues that the
evidence in favor of innocence is so strong that a jury could not have reached
a verdict beyond a reasonable doubt.  We
disagree.

At 1:00 a.m on October 3,
2003, Officers Turner and Vivoni spotted Arredondo driving without his headlights.  When both vehicles attempted a left turn,
Arredondo veered into the officers= lane; had there been another car there, he would have forced them
into oncoming traffic to avoid a collision. 
The officers pulled over Arredondo for the traffic violation. 








Both officers testified at
trial.  Officer Turner testified that he
smelled alcohol on Arredondo=s breath and that various containers of alcohol were found in Arredondo=s car.  He also stated that when
Officer Vivoni attempted to administer the standardized field sobriety tests,
Arredondo refused.  Officer Turner
further testified that Arredondo was belligerent and cursed at Officer
Vivoni.  In sum, Officer Turner cited
Arredondo=s driving
behavior, the smell of alcohol, his slurred speech, his lack of balance, and
the four beer cans in Arredondo=s possession as the reasons for the arrest. 

In Arreondo=s
defense, his girlfriend, Crystal Martinez, and his mother,  Ms. Flores, testified about the events
shortly before his arrest.  Martinez
testified that she was at Arredondo=s apartment around 10:30 p.m.
and saw him sleeping.  She stated that
she woke him up about forty-five minutes later and that she and Arredondo
argued about their upcoming trip to Corpus Christi. Shortly thereafter, Ms.
Flores arrived at Arredondo=s apartment because she was
also going on the trip.  Ms. Flores
followed Arredondo and Martinez in a second car once they were on their
way.  Ms. Flores testified that before
they left Arredondo=s
home, Arredondo=s
speech was not slurred, his eyes were not bloodshot or glassy, and he did not
smell of alcohol.  Additionally, Martinez
testified that it was the police officers who were yelling and acting
obnoxious, not Arredondo. 













Viewing the foregoing
evidence in a neutral light, favoring neither party and giving due deference to
the fact finder's determinations, we conclude that there is factually
sufficient evidence that Arredondo lacked the normal use of his physical and
mental faculties on the night in question. 
The jury's evident acceptance of Vivoni=s and Turner=s testimony
over Martinez=s and Ms.
Flores=s testimony was not so contrary to the overwhelming weight of the
evidence to justify a finding that it was factually insufficient to sustain the
verdict.  Perkins v. State, 19
S.W.3d 854, 857 (Tex. App.CWaco 2000, pet. ref'd) (holding DWI evidence factually sufficient even
when police station video shows defendant cooperating with officers, speaking
clearly but deliberately, and able to follow directions); see also Page v.
State, 7 S.W.3d 202, 209 (Tex. App.CFort Worth 1999, pet. ref'd) (stating that because there was no
scientific evidence in a DWI case, it was entirely a question of
credibility).  Additionally, the
testimony of Vivoni and Turner was not too weak to support a finding of guilt
beyond a reasonable doubt.  Accordingly,
we hold that the evidence is factually sufficient to support Arredondo=s conviction for operating a motor vehicle while intoxicated by Anot having the normal use of [his] mental or physical faculties by
reason of the introduction of alcohol . . . into [his] body.@  See Tex. Penal Code Ann. ' 49.01(2)(A) (Vernon 2003); see also Rodriguez v. State,
31 S.W.3d 359, 361 (Tex. App.CSan Antonio 2000, pet. ref'd) (holding evidence factually sufficient
to support jury's verdict in a DWI case). 
Accordingly, we overrule Arredondo=s sole issue.

IV.
Conclusion

Having overruled Arredondo=s sole issue, we affirm the trial court=s judgment.

 

BOB MCCOY

JUSTICE

 

PANEL
B:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 1, 2005

 











[1]See Tex. R.
App. P. 47.4.