ARREDONDO v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-174-CR

RAYMOND F. ARREDONDO, III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Raymond F. Arredondo, III appeals his conviction for driving while intoxicated.  The trial court sentenced him to one hundred fifty days’ confinement.  The trial court suspended the sentence in favor of twenty-four months of community supervision and a fine of $750.00.  In Arredondo’s sole point, he contends that the evidence was not factually sufficient to support the conviction.  We affirm.

II. Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484–85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482. 

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486–87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

III. Factually Sufficient Evidence

Arredondo argues that the evidence in favor of innocence is so strong that a jury could not have reached a verdict beyond a reasonable doubt.  We disagree.

At 1:00 a.m on October 3, 2003, Officers Turner and Vivoni spotted Arredondo driving without his headlights.  When both vehicles attempted a left turn, Arredondo veered into the officers’ lane; had there been another car there, he would have forced them into oncoming traffic to avoid a collision.  The officers pulled over Arredondo for the traffic violation. 

Both officers testified at trial.  Officer Turner testified that he smelled alcohol on Arredondo’s breath and that various containers of alcohol were found in Arredondo’s car.  He also stated that when Officer Vivoni attempted to administer the standardized field sobriety tests, Arredondo refused.  Officer Turner further testified that Arredondo was belligerent and cursed at Officer Vivoni.  In sum, Officer Turner cited Arredondo’s driving behavior, the smell of alcohol, his slurred speech, his lack of balance, and the four beer cans in Arredondo’s possession as the reasons for the arrest. 

In Arreondo’s defense, his girlfriend, Crystal Martinez, and his mother,  Ms. Flores, testified about the events shortly before his arrest.  Martinez testified that she was at Arredondo’s apartment around 10:30 p.m. and saw him sleeping.  She stated that she woke him up about forty-five minutes later and that she and Arredondo argued about their upcoming trip to Corpus Christi. Shortly thereafter, Ms. Flores arrived at Arredondo’s apartment because she was also going on the trip.  Ms. Flores followed Arredondo and Martinez in a second car once they were on their way.  Ms. Flores testified that before they left Arredondo’s home, Arredondo’s speech was not slurred, his eyes were not bloodshot or glassy, and he did not smell of alcohol.  Additionally, Martinez testified that it was the police officers who were yelling and acting obnoxious, not Arredondo. 

Viewing the foregoing evidence in a neutral light, favoring neither party and giving due deference to the fact finder's determinations, we conclude that there is factually sufficient evidence that Arredondo lacked the normal use of his physical and mental faculties on the night in question.  The jury's evident acceptance of Vivoni’s and Turner’s testimony over Martinez’s and Ms. Flores’s testimony was not so contrary to the overwhelming weight of the evidence to justify a finding that it was factually insufficient to sustain the verdict.  
Perkins v. State
, 19 S.W.3d 854, 857 (Tex. App.—Waco 2000, pet. ref'd) (holding DWI evidence factually sufficient even when police station video shows defendant cooperating with officers, speaking clearly but deliberately, and able to follow directions); s
ee also Page v. State
, 7 S.W.3d 202, 209 (Tex. App.—Fort Worth 1999, pet. ref'd) (stating that because there was no scientific evidence in a DWI case, it was entirely a question of credibility).  Additionally, the testimony of Vivoni and Turner was not too weak to support a finding of guilt beyond a reasonable doubt.  Accordingly, we hold that the evidence is factually sufficient to support Arredondo’s conviction for operating a motor vehicle while intoxicated by “not having the normal use of [his] mental or physical faculties by reason of the introduction of alcohol . . . into [his] body.”  
See
 
Tex. Penal Code Ann
. § 49.01(2)(A) (Vernon 2003); 
see also
 
Rodriguez v. State
, 31 S.W.3d 359, 361 (Tex. App.—San Antonio 2000, pet. ref'd) (holding evidence factually sufficient to support jury's verdict in a DWI case).  Accordingly, we overrule Arredondo’s sole issue.

IV. Conclusion

Having overruled Arredondo’s sole issue, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 1, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.