Smiley **MILLER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53044.

Court of Criminal Appeals of Texas.

April 20, 1977.

Russell C. Busby, Amarillo, for appellant.

Tom Curtis, Dist. Atty. and Steve Kattner, law student, Amarillo, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for murder where the court assessed punishment at life imprisonment after the jury had found the appellant guilty and that he had twice previously been convicted of felonies as alleged in the indictment.

Appellant's first ground of error contends that at the trial which commenced on November 17, 1975 the State improperly impeached his testimony on cross-examination over proper objection by the introduction of three prior convictions: a 1950 conviction for murder without malice, a conviction for assault to commit murder in 1956, and a 1962 conviction for burglary by firearms from which the appellant was discharged from the penitentiary on October 11, 1963. He contends the prior convictions were too remote to affect his credibility.

In *Penix v. State*, 488 S.W.2d 86, 88 (Tex. Cr.App.1972), and again in *McClendon v. State*, 509 S.W.2d 851, 856 (Tex.Cr.App. 1974), this court said:

"Even though this court has never 'undertaken to fix arbitrarily and absolutely a space of time which would characterize such testimony as too remote', there seems to have developed a rule of thumb or guideline that such should not be admitted if the time lapse exceeds ten years . . . On the other hand, the tendency has been that the trial court's discretion to admit such conviction has generally been upheld if the period of time was less than ten years."

The reason for the adoption of the remoteness limitation on impeachment evidence is that a remote conviction is a poor indication of the accused's present character. *Bustillos v. State*, 464 S.W.2d 118 (Tex.Cr.App.1971). A remote conviction for a felony or a misdemeanor involving moral turpitude, measured from the time of a witness' release from prison, must have occurred at a time sufficiently recent to have some bearing on the present credibility of the witness. *Bustillos v. State*, supra. Thus in *McClendon v. State*, supra, the admission of a prior murder conviction in which twelve years and eleven months had elapsed since the appellant's release from prison required reversal. More recently in *Davis v. State*, 545 S.W.2d 147 (Tex.Cr.App. 1976), where approximately twelve years had elapsed from defendant's release from prison on a murder conviction, it was held that the admission of the prior offense for impeachment purposes was improper.

Herein, where three prior convictions over a twenty-five year period were introduced to impeach the appellant as a witness, the most recent conviction from which appellant was released from prison twelve years and one month prior to trial, the rule prohibiting impeachment of a witness by a remote conviction was violated.

The judgment of the trial court is reversed and the cause is remanded.

In the event of a new trial, we strongly caution the trial court in admitting oral statements of the appellant which are not in compliance with Article 38.22, Vernon's Ann.C.C.P., unless there is some clear-cut basis for their admission as an exception to the statute.

The judgment is reversed and the cause remanded.