**Adam SINEGAL, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–89–00491–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 26, 1990.
Rehearing Denied May 31, 1990.

Ron Hayes, Houston, for appellant.

John B. Holmes, Dist. Atty. and John Brook, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and MIRABAL and DUGGAN, JJ.

## OPINION

MIRABAL, Justice.

A jury found appellant guilty of delivery of a controlled substance, namely, cocaine. After finding the enhancement paragraph true, the jury assessed punishment at 25 years confinement.

Officer Carla Costello testified that Texas City Police Department Officers Delaney and Costello were loaned to the La Porte Police Department to conduct undercover narcotics investigations. On July 6, 1988, in La Porte, the officers were driving down a street. Appellant flagged down their vehicle. The officers stopped the vehicle. Appellant approached the passenger side of the vehicle where Costello was sitting, and asked if they wanted some "rocks"—the street name for crack cocaine. The officers exchanged $20 for a rock of cocaine. After completing the purchase, Officer Costello gave the cocaine to Officer Timothy Bird. The substance was tagged and turned over to the crime lab. A chemical analysis revealed that the rock contained .044 grams of cocaine, including adulterants and dilutants. Appellant was not arrested at the scene. Instead, Officer Costello gave the following description to the La Porte police for a later arrest: thin black male; 5'10"; 140 pounds; buck teeth; moustache; wearing a blue sweatshirt, gray pants, dirty tennis shoes, and a black cap with gold lettering. On July 21, 1988, Officer Costello identified appellant from a photograph as the person from whom she purchased the cocaine on July 6, 1988.

█ In his first point of error, appellant contends the trial court abused its discretion in permitting the State to use remote prior convictions for impeachment.

The State argues that appellant failed to preserve this point of error because appellant's objection at trial was not specific and does not comport with appellant's point of error on appeal.

On appeal, appellant argues that the prior convictions were inadmissible under Tex. R.Crim.Evid. 609(b) because appellant did not "open the door" for their admission; the convictions were remote, i.e., they were greater than 10 years old; and the probative value of the convictions did not substantially outweigh their prejudicial effect. The following exchange took place at trial:

[PROSECUTOR]: You ever been convicted of a felony?

[APPELLANT]: Yes, sir.

[DEFENSE COUNSEL]: Excuse me, Your Honor. Object to phrasing the— object to the portion of the question that's been asked so far.

THE COURT: Retire the jury.

(Jury out.)

THE COURT: All right. What's your objection?

[DEFENSE COUNSEL]: Judge, my objection is that the State now has, by the use of an improper question, that being, "Have you ever been convicted of a felony," now gotten a yes response out of my defendant. I specifically instructed the defendant before we began—before he was placed on the stand that the question he would be asked would be that question permitted by law which is, "Have you within the preceding 10 years been convicted of a felony or misdemeanor involving moral turpitude," and now the State has elicited a yes response. We think that's improper conduct. We object to it. We ask the jury instruction to disregard when they return and we'd also move for a mistrial.

[PROSECUTOR]: Your Honor, the State would respond ... [defense counsel] has provided the Court with an incomplete analysis of Rule 609 ... [defense counsel] has neglected to inform the Court

that there is a balancing test under Rule 609(b) which the Court must apply in determining whether or not prior felony convictions or convictions involving crimes of moral turpitude would be admissible under that rule.

. . . .

[DEFENSE COUNSEL]: There's been no showing at all by the State that this defendant's release date is within 10 years of even the day of the commission of the alleged offense, July 6th, 1988. Further, it's still my understanding, and I totally agree with counsel for the State, that for impeachment purposes, which is that purpose of using a prior conviction, a prior felony conviction, is to destroy or attempt to destroy somebody's credibility, that certainly they are entitled to ask if a person has within the preceding 10 years been convicted of a felony or misdemeanor involving moral turpitude, which all of those offenses involve moral turpitude. They all clearly involve dishonesty and would affect the credibility of this defendant, were they within the preceding 10 years.

█ To preserve error for appeal, a defendant must make a timely and specific objection at trial. *Burdine v. State*, 719 S.W.2d 309, 319 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). In addition, if an objection made at trial differs from the complaint on appeal, the defendant has not preserved error for review. *Id.* However, a general objection will preserve a complaint for appellate review if the record adequately reflects that the trial judge and prosecutor were aware of the substance of the objection. *Id.* The State argues that appellant's objection was not timely because no objection was made before appellant answered the question, and that appellant's objection was only for the improper phrasing of the question and the improper conduct of the prosecutor.

It is true that appellant's objection at trial was aimed at the improper conduct of the prosecutor in asking the question, and did not explicitly cite rule 609(b) or state that the prejudicial effect of allowing the

prior convictions outweighed any probative value. However, appellant's objection to the phrasing of the question clearly indicated to the court that appellant's objection was that these prior convictions were greater than 10 years old, and as such, should not be inquired about. The remoteness of the convictions is the crux of appellant's argument on appeal because admission of remote convictions for impeachment requires a higher standard than ordinary prior convictions. At trial, the State recognized that the crux of appellant's argument dealt with the rule 609(b) standard, and the State pointed this out to the court. On appeal, appellant argues that appellant's particular prior convictions do not meet the higher standard of rule 609(b), and thus are inadmissible. The trial court was apprised that appellant's objection was based on remoteness and that the test is rule 609(b); thus, appellant's argument is preserved for review.

Appellant had five prior felony convictions between September 22, 1975, and October 4, 1976.[1] Appellant testified that he was released from prison for all of these prior offenses on November 12, 1978. The trial commenced on May 9, 1989. Therefore, the prior convictions are more than 10 years old and fall under rule 609(b) as presumptively inadmissible.

The State offered the prior offenses to impeach appellant's credibility. The State argued to the trial court that appellant's prior convictions:

> , are probative because there is a direct conflict in testimony between the testimony of my officers and the testimony of the defendant as to whether or not he was even present at the scene. His credibility is directly in issue and he has put it in issue. And it's the State's position that one of the felonies that he's been convicted of, forgery, is not only a felony, it is also a crime involving dishonesty.

Appellant testified that he was at his grandmother's house on the night of July 6, 1988. Appellant denied selling drugs to Officer Costello, and denied ever seeing Costello prior to trial. Appellant argues that the prior convictions were unrelated to drug dealing, and thus were not relevant to whether appellant was at home on July 6, 1988.

After hearing arguments from both sides, the trial judge stated:

> All right. Under the circumstances, since he's indicated that he was someplace else other than at the scene of the incident where this thing occurred, for impeachment purposes I'm going to allow the testimony.

The jury was returned and the prosecutor continued his cross-examination. Appellant admitted that he had been convicted of forgery, burglary, burglary of a vehicle, and unauthorized use of a vehicle. In the trial court's charge to the jury, the judge instructed the jury that appellant's prior convictions could not be considered as evidence of guilt, and that such evidence was to aid them in passing upon the weight of appellant's testimony and should not be considered for any other purpose.

The State argues that once appellant raised the defenses of alibi and mistaken identity, credibility became an extremely important issue, and thus appellant's prior convictions had probative value. The State further argues that because the prior convictions were not for drug related crimes, their prejudicial effect was substantially outweighed by their probative value.

Generally, the question of whether a defendant has a criminal past is irrelevant to any issue at the guilt/innocence stage of trial. However, as with any other witness, an accused puts his or her character for veracity, as opposed to moral character, in issue merely by taking the stand, and thus the accused's veracity may be impeached. *Hammett v. State*, 713 S.W.2d 102, 105

---

**1.** Appellant's prior convictions are all from Harris County and include the following: unauthorized use of a motor vehicle (1975); burglary of a building with intent to commit theft (1975); burglary of an automobile with intent to commit theft (1975); burglary of an automobile with intent to commit theft (1975); forgery (1976).

(Tex.Crim.App.1986). However, the Texas Rules of Criminal Evidence provide:

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party.

(b) **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances *substantially* outweighs its prejudicial effect.

Tex.R.Crim.Evid. 609(a) & (b) (Vernon Pamp.1990) (emphasis added).

 Once a defendant in a criminal prosecution voluntarily takes the witness stand, the defendant is subject to the same rules as any other witness and may be impeached, contradicted, made to give evidence against himself, cross-examined on new matters, and treated in every respect as any other witness, except when there are overriding constitutional or statutory provisions. The fact that a witness, including the accused, has been charged with an offense, is inadmissible for impeaching the witness's credibility unless the charge has resulted in a final conviction for a felony or an offense involving moral turpitude, and

even then *it must not be too remote.* *Alexander v. State,* 740 S.W.2d 749, 763 (Tex. Crim.App.1987) (emphasis added).

 The question of remoteness of prior convictions is addressed largely to the discretion of the trial judge. The tendency has been to uphold admission of a prior conviction if the period of time between release from prison and trial is less than 10 years. However, the interval of time is not in itself the controlling factor and the facts of each case must determine if a prior conviction is too remote. *Davis v. State,* 545 S.W.2d 147, 150 (Tex.Crim.App.1976).[2] Among the factors to be considered are: [1] the youthfulness of the accused at the time of the prior conviction; [2] subsequent conduct as reflecting lack of reformation; [3] the nature of the accusation and the facts and circumstances of the alleged offense; and [4] the length and severity of the penalty assessed. The date of trial is the controlling time for computation because the purpose of admitting prior convictions at the guilt stage of the trial is to allow impeachment. *Id.*

 The reason for the adoption of the remoteness limitation on impeachment evidence is that a remote conviction is a poor indication of the accused's present character. A remote conviction must have occurred at a time sufficiently recent to have some bearing on the present credibility of the witness. *Miller v. State,* 549 S.W.2d 402, 403–404 (Tex.Crim.App.1977) (judgment reversed where defendant's three prior convictions admitted for impeachment, the most recent being 12 years old, and where there was no clearcut basis for admission).

---

**2.** The Court of Criminal Appeals decided *Davis* when the predecessor to Tex.R.Crim.Evid. 609, was in effect, to wit: Tex.Code Crim.P.Ann. art. 38.29, repealed effective September 1, 1986, ch. 685, § 9(b), 1985 Tex.Gen.Laws 2474. Recently, in an opinion not yet reported and not yet final due to the pendency of a motion for rehearing, the Court of Criminal Appeals reaffirmed the general rule that convictions over 10 years old are too remote to be admissible, unless there is evidence of a lack of reformation such as a subsequent felony conviction or misdemeanor conviction involving moral turpitude. The

court also reaffirmed the other factors to consider, such as the age of the accused, the length and severity of the penalty inflicted, and the nature of the accusation and attendant facts for which the accused is on trial. *Lucas v. State,* No. 69325, —— S.W.2d —— (Tex.Crim.App., Mar. 22, 1989) (not yet reported) (where defense witness (not the accused) was 39 years old at the time of the prior offenses and was not convicted of an intervening felony or misdemeanor involving moral turpitude, the trial court erred in admitting evidence of the witness's prior convictions).

While rule 609(b) generally provides that convictions more than 10 years old are inadmissible for impeachment purposes, trial courts are permitted to admit such convictions when the court determines that their probative value substantially outweighs their prejudicial effect. Texas courts traditionally have looked to evidence of lack of reformation or an intervening conviction for a felony offense or a misdemeanor involving moral turpitude as a circumstance which removes the remoteness objection to a conviction more than 10 years old. *Allen v. State*, 740 S.W.2d 81, 83 (Tex.App.—Dallas 1987, pet. ref'd) (where the defendant was twice convicted of a felony following his remote convictions, and one intervening conviction was for the same type of offense as one remote conviction, there is evidence of a lack of reformation, and thus, the trial court did not abuse its discretion in allowing the remote convictions in evidence); *McClendon v. State*, 509 S.W.2d 851, 856–57 (Tex.Crim.App.1974) (op. on reh'g) (trial court erred to defendant's prejudice in admitting conviction almost 13 years old where the two intervening convictions were for misdemeanors not involving moral turpitude).

▇▇▇ In the case at bar, appellant was released from prison for his prior convictions 10½ years prior to trial. Appellant did not have any intervening convictions since his release. Appellant was between 16 and 19 years old when he committed the prior offenses. The longest sentence appellant received was five years, and none of the prior offenses involved narcotics.

We hold that in the present case, where there is no evidence of a lack of reformation, the trial court abused its discretion in allowing appellant's remote convictions into evidence.

▇▇▇ The State argues that any error was harmless beyond a reasonable doubt because there was overwhelming evidence of appellant's guilt. Tex.R.App.P. 81(b)(2).

It is well established that a conviction will not be reversed for error in the admission of evidence that did not injure the defendant. *Alexander*, 740 S.W.2d at 765. In determining whether the error was harmless, the test is not whether a conviction could have been had without the improperly admitted evidence, but rather whether there is a reasonable possibility that the evidence might have contributed to the conviction or affected the punishment. *Id.* Thus, if there is a reasonable possibility that inadmissible evidence might have contributed to either the conviction or punishment assessed, then the error in admission is not harmless error. In applying the test, the main consideration is the probable impact of the evidence on the minds of the average jury. *Id.*

Appellant's single viable defense offered at trial was mistaken identity. Appellant testified that he was at his grandmother's home at the time of the offense. Appellant's grandmother is now deceased. Appellant said he could produce his uncle as an alibi witness, but no alibi witness was produced. Officer Costello identified appellant from a photograph 15 days after she purchased the cocaine, and appellant was arrested thereafter.

Appellant's credibility as a witness was impeached by the improper admission of five prior convictions. We find that there is a reasonable possibility that the admission of the five prior convictions might have contributed to the jury's decision to convict appellant. We hold that the trial court's improper admission of the remote convictions constituted reversible error.

We sustain appellant's point of error one. It is therefore unnecessary to address appellant's second point of error.

The judgment is reversed, and the cause is remanded.