IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-203-CR




RICHARD LEE ROBERTS


a/k/a FREDERICK JOHN FREY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 39,528, HONORABLE JOE CARROLL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. Tex. Penal Code Ann.
§ 22.021 (West 1989). The district court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for thirty-six years.

 The complaining witness, who was eight years old at the time of trial, testified that
appellant "[made] me suck his thing, and . . . put his thing between my legs and pushed." She
demonstrated appellant's actions for the jury with anatomically correct dolls. In his third point
of error, appellant contends that the evidence does not support the conviction because the child's
testimony was not corroborated by medical testimony or by the testimony of the persons to whom
the child first described these incidents.

 A conviction for aggravated sexual assault of a child under fourteen years of age
is supportable on the uncorroborated testimony of the victim. Tex. Code Crim. Proc. Ann. art.
38.07 (West Supp. 1992); see Scoggan v. State, 799 S.W.2d 679, 683 (Tex. Crim. App. 1990). 
Appellant asserts that "[t]here are numerous cases which contend that medical evidence is
necessary to support the penetration theory," but the two cases he cites do not support this
assertion and this Court is unaware of any such authority. The victim's testimony establishes all
elements of the offense and is alone sufficient to sustain the jury's verdict. See Jackson v.
Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
third point of error is overruled.

 In his own testimony, appellant denied committing the instant offense but
acknowledged having a previous conviction for murder. Appellant's first and second points of
error grow out of the following cross-examination of appellant by the prosecutor:



Q. Now that you've said on the stand that you're the convicted murderer that's
been to the penitentiary before, you know you're facing more punishment now if
you're convicted on this charge of aggravated sexual assault, don't you?


A. Yes, sir, I do.


Q. You've known that for a long time, haven't you?


A. Every convict knows that, sir.


Q. Okay. Instead of facing a five-year minimum conviction for aggravated
sexual assault, you're sitting there knowing that you're facing a 15 minimum, don't
you, Mr. Whatever Your Name Is?


MR. HARRIS [defense counsel]: Your Honor, I'm going to object to that. 


. . . . 


MR. HARRIS: My objection, Your Honor, is that we're not here dealing with
punishment. Now we've interjected an issue into the trial which has no bearing on
it --


THE COURT: I'll --


MR. CARROLL [prosecutor]: Motive for testifying falsely --


THE COURT: -- overrule your --


MR. CARROLL: -- is why --


THE COURT: -- objection.


MR. HARRIS: Yes, sir.


MR. CARROLL: That's a real good reason to try to hoodwink a jury, isn't it,
Mr. Defendant?


A. If you say so, sir.


Q. You --


A. If I commit a crime, I admit to it. I admitted to murder. There's nothing --
they didn't have to prove me guilty there. I admitted it.


Q. Well, when you do it in a public place, you're going to be hard-pressed to
get out of it, aren't you, in front of a lot of witnesses?


A. It was not a public place, sir.


Q. At a local bar?


A. No, sir, it was not a bar. It was a clubhouse out in the country.


Q. Oh, a motorcycle club?


MR. HARRIS: Your Honor, we've already been into this, and the Court has
already sustained my objection. He's delving into the facts in the matter.


THE COURT: I'll overrule that objection.


MR. HARRIS: Yes, sir.


MR. CARROLL: There were many witnesses, weren't there?


A. No, sir, there was not. There was five witness [sic].



 In point of error one, appellant urges that it was error to permit the prosecutor to
question him concerning the minimum punishment applicable in this cause, as that subject was
irrelevant to the question of guilt. In point of error two, appellant contends that it was error to
permit the prosecutor to question him regarding the details of the previous offense. 

 Under the bifurcated trial procedure employed in this State, the question of
punishment is not a proper subject of inquiry at the guilt stage. See Tex. Code Crim. Proc. Ann.
art. 37.07 (West 1981 & Supp. 1992). And as a general rule, neither the State nor the defendant
may introduce in evidence details of a prior conviction. Hodge v. State, 631 S.W.2d 754, 759
(Tex. Crim. App. 1982). At the same time, a defendant who voluntarily testifies may be
impeached in the same manner as any other witness. Nichols v. State, 494 S.W.2d 830, 834 (Tex.
Crim. App. 1973); Sinegal v. State, 789 S.W.2d 383, 387 (Tex. App.--Houston [1st Dist.] 1990,
pet. ref'd).

 With regard to point of error one, we note that appellant did not object when the
prosecutor first broached the subject of punishment. We also note that the question concerning
the minimum punishment to which appellant did object was not answered. As to point of error
two, the only detail concerning the earlier conviction that was adduced over objection had to do
with the number of witnesses at the earlier crime. Under the circumstances, we are satisfied that
if it was error to overrule either or both of appellant's objections, the error was harmless beyond
a reasonable doubt. Tex. R. App. P. Ann. 81(b); Harris v. State, 790 S.W.2d 568 (Tex. Crim.
App. 1989). Points of error one and two are overruled.

 In his last point of error, appellant contends the district court erred by permitting
the jury to hear evidence concerning his flight to escape prosecution. Two days before his trial
was first set to begin, appellant jumped bail and fled to California, where he was arrested thirteen
months later after his picture and details of this offense were featured on a television program. 
Most of the testimony relating to appellant's flight and recapture was admitted without objection. 
When he did object, appellant urged that the evidence showed an unadjudicated extraneous
offense, bail jumping.

 Flight is a circumstance from which guilt may be inferred, and evidence of flight
is admissible even if it shows the commission of other crimes. Cantrell v. State, 731 S.W.2d 84,
92 (Tex. Crim. App. 1987); Torres v. State, 794 S.W.2d 596, 598-99 (Tex. App.--Austin 1990,
no pet.). The court did not err in overruling appellant's objection that the evidence of flight
showed the commission of an extraneous offense. The fourth point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie, and B. A. Smith]

Affirmed

Filed: October 7, 1992

[Do Not Publish]