Opinion issued April 3, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00017-CR

 





ALTON CHRISTOPHER MEDLEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 42,485 






MEMORANDUM OPINION


 A jury convicted appellant, Alton Christopher Medley, of aggravated robbery
and assessed punishment at 38 years in prison. In two points of error, appellant
argues that the trial court (1) unreasonably restricted his right to inquire into the
criminal history of the complaining witness and (2) denied his equal protection rights
by ruling that a domestic assault committed by a female against a male is not a crime
of moral turpitude. 

 We affirm. 

Background


 On the night of June 15, 2005, while Lois Koch was opening her car door to
leave from work, appellant grabbed her and put a knife to her throat. Appellant
instructed her to return to the bar she had just closed for the night and get him money. 
Appellant further instructed Koch not to try anything or else he would cut her throat. 

 As appellant and Koch approached the front door of the bar, Koch tried to stall
opening the bar, hoping that she could flag down a passing vehicle. Seconds later,
she noticed headlights and proceeded to break free of appellant and run toward the
road. Koch testified that she was unable to attract the attention of the passing car, and
appellant tackled her from behind and forced her back to the front door of the bar.

 Once at the front door, Koch again stalled by pretending to have problems
opening the door. Koch broke free from appellant a second time when she noticed
an approaching car, but she was forced to the ground by appellant near the curb of the
parking lot. Koch was able to attract the attention of the driver of the passing vehicle,
a paramedic, who radioed dispatch for a Fort Bend Sheriff's deputy to investigate. 

 Before the sheriff's department arrived at the bar, appellant succeeded in
getting Koch into the bar. When appellant and Koch moved toward the cash register,
Koch informed appellant that she would have to get the key to the register to access
the money. While she leaned over the counter to get the key, appellant struck Koch
over the head with the bar's tip jar causing Koch to fall to the floor. Appellant then
began to punch Koch in the face. 

 Koch broke free of appellant and ran into the kitchen where she grabbed a knife
and hid. After a few minutes of waiting, she ran out of the bar and hid in an adjacent
field. Moments later, she saw appellant leave the bar and walk to a recreational
vehicle (RV) park located on the same land as the bar. 

 When deputies from the sheriff's department arrived at the bar, they found
Koch visibly shaken with scratches and bruises on her face and torso. She told the
police what had happened and gave a description of appellant and where he went. 
The sheriff's deputies started searching the RV park and eventually found their way
to appellant's trailer. When appellant answered the door, the deputies noticed
appellant not only matched the physical description given by Koch but also had fresh
scratches on his body. The deputies took appellant into custody and drove him to the
bar where Koch confirmed that appellant was the one who had attacked her earlier. 

 At trial, outside the presence of the jury, appellant's counsel cross-examined
Koch about prior convictions. She testified she had two conviction from the 1970's. 
Appellant's counsel also inquired about a possible domestic assault conviction from
1997. Koch testified that she was convicted, but she could not remember a sentence,
stating that she was allowed to leave. She clarified that she was convicted, "but I
believe it was dropped." The State took her on voir dire, where she stated, "No, I
don't think it was dismissed. It was--there was no--I never--nothing ever happened
out of that. There was no sentence, no anything." After appellant's counsel resumed
cross-examination, Koch stated that she was originally convicted of criminal domestic
violence, "but it was dropped down to like a misdemeanor." When asked if she was
found guilty, she stated, "Yes, I guess so." 

 Appellant's counsel then asked the trial court for permission to discuss the
prior convictions in front of the jury. Appellant's counsel argued that the convictions
from the 1970's were admissible based on the 1997 domestic violence conviction
because the 1997 domestic violence conviction (1) was a crime of moral turpitude and
(2) was removed from the taint of remoteness and therefore permitted under Rule
609(b). The State argued that the evidence was inadmissible because the family
violence conviction was not a crime of moral turpitude as Koch, a female, was the
aggressor rather than the male. The trial court ultimately concluded 

 Still, first of all, I find that you haven't proved her conviction to
the extent that this Court is satisfied, in light of the testimony, that she
did not suffer any type of sentence or punishment as a result of the
conviction, and without the document showing what actually happened,
the Court is not convinced. But even if it was, it's--like I said, after
nine years, I found that the balancing between the prejudicial effect and
the probative value is--the prejudicial effect outweighs the probative
value. So, your request to introduce that before the jury is denied.


 At the conclusion of the trial, the jury found appellant guilty of aggravated
robbery and assessed punishment at confinement for 38 years. 

Exclusion of Evidence

 In his first point of error, appellant argues that the trial court erred by denying
his request to cross-examine Koch about her criminal history in front of the jury. 

 In reviewing the trial court's decision to admit or exclude evidence of a prior
conviction, we must accord the trial court "wide discretion." Jackson v. State, 11
S.W.3d 336, 339 (Tex. App.--Houston [1st Dist.] 1999, no pet.). An appellate court
will not reverse a trial court's ruling unless that ruling falls outside the zone of
reasonable disagreement. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002). Appellant's attempt to impeach a witness by using her past criminal history
is governed by Texas Rule of Evidence 609: 

(a) General Rule. For the purpose of attacking the
credibility of a witness, evidence that the witness has been
convicted of a crime shall be admitted if elicited from the
witness or established by public record but only if the
crime was a felony or involved moral turpitude, regardless
of punishment, and the court determines that the probative
value of admitting this evidence outweighs its prejudicial
effect to a party.


(b) Time Limit. Evidence of a conviction under this rule
is not admissible if a period of more than ten years has
elapsed since the date of the conviction or of the release of
the witness from the confinement imposed for that
conviction, whichever is the later date, unless the court
determines, in the interests of justice, that the probative
value of the conviction supported by specific facts and
circumstances substantially outweighs its prejudicial effect.


Tex. R. Evid. 609(a)-(b). 

 Appellant has the burden of showing that the witness has been convicted of a
felony or a crime involving moral turpitude, either through the witness or by
establishing the conviction by public record. Id.; Sinegal v. State, 789 S.W.2d 383,
387 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd) ("The fact that a witness . . . 
has been charged with an offense, is inadmissible for impeaching the witness's
credibility unless the charge has resulted in a final conviction for a felony or an
offense involving moral turpitude, and even then it must not be too remote."). 
Second, any proponent seeking to introduce evidence pursuant to Rule 609 has the
burden of demonstrating that the probative value of a conviction outweighs its
prejudicial effect. Theus v. State, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992). The
trial court should conduct a balancing test to determine if the probative value of the
prior conviction is outweighed by its prejudicial effect. Hernandez v. State, 976
S.W.2d 753, 755 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). However, if the
conviction is more than 10 years old, the probative value must "substantially
outweigh" the prejudicial effect. Tex. R. Evid. 609(b); Jackson, 11 S.W.3d at 339. 
In a standard 609(a) balancing analysis, the following factors should be considered: 
(1) the prior conviction's impeachment value; (2) its temporal proximity to the crime
on trial, and the defendant's subsequent criminal history; (3) the similarity between
the prior offense and the present offense; (4) the importance of the defendant's
testimony; and (5) the importance of the credibility issue. Hernandez, 796 S.W.2d
at 755 (citing Theus, 845 S.W.2d at 880). 

 Appellant's counsel attempted to impeach the complaining witness's credibility
by eliciting testimony about an alleged 1997 domestic assault conviction adjudicated
in South Carolina in an attempt to bring into evidence two 1970's convictions for
burglary and possession of a narcotic instrument. We recognize the practice of
"tacking" later convictions for felonies or misdemeanors involving moral turpitude
to remove the taint of remoteness from prior convictions from more than 10 years
before the trial. See Jackson, 11 S.W.3d at 339. Appellant, however, has to show a
later conviction to overcome Rule 609's "outweighing" standard. See Tex. R. Evid.
609(a). 

 Here, the trial court ruled that appellant had not sufficiently proved that Koch
had been convicted of a crime in 1997. During cross-examination, Koch was unsure
whether or not she was actually convicted of domestic assault because no punishment
was assessed against her. On voir dire, she stated that she was found guilty but that
"it was dropped down." Given Koch's equivocal testimony on her conviction, the
trial court was within its discretion in holding that appellant did not prove a final
conviction. See Jackson, 11 S.W.3d at 339; see also Ex parte Menchaca, 854 S.W.2d
128, 131 (Tex. Crim. App. 1993) (holding that impeachment with prior conviction
requires final conviction, suspended sentence that had not been set aside, or probation
that had not expired). Because appellant did not prove the alleged 1997 conviction,
the trial court did not abuse its discretion in refusing to admit the remote 1970's
convictions. (1) 

 We overrule appellant's first point of error. 

Equal Protection

 In his second point of error, appellant argues that it is a violation of his equal
protection rights for an assault committed by a male against a female to be a crime of
moral turpitude, while the opposite situation is not. 

 A review of the record, however, reveals that the trial court refused to consider
Koch's alleged domestic assault because appellant did not provide the trial court with
sufficient proof of a conviction. Therefore, we need not consider whether appellant's
equal protection rights were violated or whether domestic assault committed by a
female upon a male is a crime of moral turpitude. See Tex. R. App. P. 47.1.

 We overrule appellant's second point of error.


Conclusion


 We affirm the judgment of the trial court.




 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).
1. We do not address whether the probative value of the two 1970's convictions
substantially outweighs its prejudicial effect because, at trial, appellant did not assert
this argument. See Tex. R. Evid. 609(b); Tex. R. App. P. 33.1.