Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00824-CR

Michael K. **MITCHELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR6707B
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Sandee Bryan Marion, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: January 12, 2011

AFFIRMED

A jury found appellant, Michael Mitchell, guilty of aggravated robbery, and the trial court assessed punishment at confinement for eight years. We affirm.

## BACKGROUND

On May 31, 2008, Norm Fontaine stopped at a Shell gas station in San Antonio to put gas in his vehicle. Fontaine went into the Shell station's convenience store to pay for his gas and, while inside the store, noticed appellant approaching his vehicle. Fontaine asked the store clerk,

Chris Rubio, if he knew appellant, and Rubio stated he had never seen appellant before. Because Fontaine did not trust the look of appellant, he decided not to buy any gas and instead he went back to his vehicle to leave. As Fontaine was reaching for his vehicle's door handle, appellant reached into Fontaine's back pocket and said, "I want your wallet." When Fontaine put his hand on top of appellant's hand to prevent him from removing his wallet, appellant knocked him to the ground. As the two men wrestled on the ground, appellant's friend, Kenneth Jackson, approached and attempted to take Fontaine's keys.

From inside the convenience store, Rubio heard Fontaine yell and saw appellant push him to the ground. Rubio then saw Jackson approach and attack Fontaine as well. Rubio testified he left his cash register and ran outside because he believed Fontaine would be beaten up, killed, or robbed without help. As Rubio struggled to fend off Jackson and tried to help Fontaine to his feet, appellant circled the scuffle and attempted to approach Rubio. At that point, Rubio stated he heard Jackson yell, "Grab my gun, grab my gun."

Pablo Arriaga, another Shell customer, heard a cry for help from where he was parked on the other side of the gas station. He saw Rubio run out of the convenience store toward the gas pumps. Arriaga followed Rubio and saw Fontaine on the ground with appellant and Jackson tugging at him. Arriaga testified appellant told him he was just trying to help Fontaine to his feet, but Arriaga stated it looked like appellant was tugging at Fontaine's wallet and Jackson was tugging at Fontaine's car keys while Fontaine said, "No, no." Arriaga loudly told the men to leave Fontaine alone. Appellant and Jackson then walked away, got into a vehicle across the street, and left the scene.

The next day, a San Antonio police officer spotted appellant and Jackson walking along Houston Street in San Antonio. When the officer told the men they matched the descriptions of

the robbers, appellant replied that he and Jackson were present at the scene of the robbery but there had been a misunderstanding. At trial, appellant testified he startled Fontaine while attempting to panhandle from him, causing Fontaine to grab appellant and fall. Appellant claimed he attempted to help Fontaine to his feet and requested assistance from Rubio, who he thought probably misunderstood him due to appellant's speech impediment. Appellant testified Jackson did attempt to rob Fontaine once he was on the ground, and appellant only tried to protect Fontaine before leaving the scene with Jackson. The jury found appellant guilty of aggravated robbery, and he appeals.

## FACTUAL SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant argues the evidence is factually insufficient to support the verdict. There is "no meaningful distinction between the *Jackson v. Virginia* legal-sufficiency standard and the *Clewis* factual-sufficiency standard." *Brooks v. State*, 323 S.W.3d 893, 895, 902 (Tex. Crim. App. 2010) (overruling *Clewis*). Accordingly, we will apply the same standard of review to all of appellant's sufficiency complaints. That standard requires us to determine whether, after considering all the evidence in the light most favorable to the verdict, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.* at 895. The jury, as the trier of fact, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony; therefore, reconciliation of any conflicts in the evidence is within the exclusive province of the jury. *Mosley v. State*, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998) (en banc).

Here, appellant claims the evidence was factually insufficient to convict because the evidence that he was actually attempting to help Fontaine far outweighs the evidence that he was attempting to rob Fontaine. However, Fontaine testified appellant approached him from behind, put his hand in Fontaine's pocket, and said, "I want your wallet." When Fontaine attempted to

prevent him from removing his wallet, appellant pushed him to the ground and wrestled with him. Rubio, the Shell station clerk, testified he also witnessed appellant push Fontaine to the ground. Arriaga, the other Shell customer, testified appellant and Jackson "weren't helping [Fontaine], that's for sure. I mean, they were tugging at his keys and—and back pocket."

In contrast, the only evidence that appellant merely attempted to help Fontaine is appellant's own testimony. Appellant's testimony is contradicted by both Fontaine's and Rubio's testimony that appellant pushed Fontaine to the ground. Appellant's testimony is also contradicted by Arriaga's statement that while Fontaine was lying on the ground, appellant was clearly not attempting to help him, but rather was tugging at his back pocket, where Fontaine kept his wallet. The jurors, as the sole judges of the credibility of the witnesses, were free to disbelieve appellant's version of the events. Thus, based on all the testimony adduced at trial, we conclude the evidence before the jury was sufficient to support the guilty verdict.

## RULE 609 EVIDENCE

In his second issue, appellant argues the trial court abused its discretion by excluding evidence of witness Pablo Arriaga's prior sexual assault conviction under Texas Rule of Evidence 609 because the probative value of the evidence outweighed its prejudicial effect. Rule 609 provides a witness may be impeached with evidence of a prior conviction for a felony or a crime involving moral turpitude if the conviction is less than ten years old or if the witness is subsequently convicted of another felony or crime involving moral turpitude. TEX. R. EVID. 609(a)–(c). The proponent of evidence of a prior conviction has the burden of demonstrating that the probative value of a conviction outweighs its prejudicial effect. TEX. R. EVID. 609(a); *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (en banc). In balancing the probative value against the prejudicial effect of prior conviction evidence, the trial court should

consider the following nonexclusive factors: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent history; and, where the witness is the present defendant: (3) the similarity between the past crime and the offense being prosecuted; (4) the importance of the defendant's testimony; and (5) the importance of the defendant's credibility. *Theus*, 845 S.W.2d at 880. The trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006). We will not disturb the trial court's ruling unless there was an abuse of discretion. *Id.*

Here, Arriaga, the customer who witnessed the robbery, was convicted of sexual assault in 1993 and received probation. After his probation for the sexual assault terminated in 2002, Arriaga was convicted of misdemeanor DWI and felony possession of a controlled substance in an amount less than one gram. Arriaga received probation for the DWI and possession offense and was still serving that probation when he testified at appellant's trial. The trial court admitted the DWI and possession offense for impeachment purposes but excluded evidence of the 1993 sexual assault conviction. Appellant now contends the trial court erred in excluding the sexual assault conviction. We disagree. The applicable *Theus* factors weigh heavily in favor of excluding the evidence of Arriaga's prior sexual assault conviction.[1]

First, "[t]he impeachment value of crimes that involve deception is higher than crimes that involve violence, and the latter have a higher potential for prejudice." *Theus*, 845 S.W.2d at 881. Because sexual assault is a crime involving violence, not deception, its impeachment value in this case is low and the potential for prejudice is high. *See Dale v. State*, 90 S.W.3d 826, 830

---

[1] The third, fourth, and fifth factors apply only if the witness is also the present defendant; thus, they are not applicable here. *See Theus*, 845 S.W.2d at 881.

(Tex. App.—San Antonio 2002, pet. ref'd) (holding assault does not involve deception). Thus, the first factor weighs against admission.

"[T]he second factor will favor admission if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law." *Theus*, 845 S.W.2d at 881. A remote conviction must be "sufficiently recent to have some bearing on the present credibility of the witness." *Miller v. State*, 549 S.W.2d 402, 403 (Tex. Crim. App. 1977). However, even a remote conviction may be admissible when the totality of the circumstances indicates a lack of reformation. *Lucas v. State*, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989) (en banc). In determining whether a witness's conduct indicates a lack of reformation, courts should be especially concerned with the relationship between the intervening conduct and the prior remote conviction. *Id.* Here, Arriaga was convicted of sexual assault in 1993, sixteen years before he testified in the instant case. Although Arriaga was subsequently convicted and placed on probation for misdemeanor DWI and felony possession of a controlled substance in an amount less than one gram, these offenses do not necessarily indicate a lack of reformation regarding the sexual assault in question. Therefore, the second factor also weighs against admission.

Because Arriaga's prior sexual assault conviction was remote, had little bearing on Arriaga's credibility, and was highly prejudicial, we do not believe the trial court abused its discretion by excluding evidence of the sexual assault.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

DO NOT PUBLISH